UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAVID S. FERGUSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:20-CV-066 NAB |
| KILOLO KIJAKAZI[1], Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff David S. Ferguson's appeal regarding the denial of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, (the "Act"). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 9.) The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Ferguson's application.

**I.   Background**

On July 9, 2018, Ferguson applied for DIB, alleging that he had been unable to work due to disability since December 1, 2017. (Tr. 15, 194.) Ferguson alleged disability due to paranoid schizophrenia; mental and emotional depression; tremors, shaking, and falling down; knee, neck,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

shoulder, and back problems; memory issues; arthritis; numbness and weakness, peripheral neuropathy; substance abuse; and bipolar. (Tr. 221.) His application was initially denied and he filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 91, 96.) On March 17, 2019, the ALJ held a hearing on Ferguson's claim. (Tr. 49-71.) Ferguson was represented by counsel at the hearing, and an impartial vocational expert testified. *Id.*

In a decision issued on April 7, 2020, the ALJ found Ferguson was not disabled as defined in the Act from the alleged onset date through the date of the decision. (Tr. 28.) On April 19, 2020, Ferguson filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council. (Tr. 188-90.) On September 9, 2020, the Appeals Council denied Ferguson's request for review, and adopted the ALJ's decision in full. (Tr. 1-3.)

## II.     Standard for Determining Disability Under the Act

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. § 423(d)(2)(A).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled.  20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).

Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work.  20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled.  20 C.F.R. § 404.1520(a)(4)(v).

### III.   The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ here found that Ferguson met the insured status requirements of the Social Security Act through March 31, 2023, and that he had not engaged in substantial gainful activity since December 1, 2017, the alleged onset date. (Tr. 17.) Next, the ALJ found that Ferguson has the following severe impairments: degenerative disc disease, idiopathic neuropathy, major depressive disorder, and polysubstance addiction disorder.

The ALJ determined that Ferguson did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. The ALJ also determined that Ferguson had the residual functional capacity to perform sedentary work with additional limitations. Specifically, the ALJ found that

3

> he can lift or carry five pounds frequently and ten pounds occasionally; can stand or walk for two hours, and sit for six hours, du ring an eight-hour workday; can never climb; can occasionally balance or stoop; can never kneel, crouch, or crawl; can frequently reach, handle, finger, and feel; would need to avoid workplace hazard, such as dangerous machinery and unprotected heights; and can perform simple, routine tasks throughout the workday.

(Tr. 20.) The ALJ found that Ferguson was unable to perform any past relevant work. (Tr. 26.) Ferguson was 45 years old on the alleged disability onset date and considered a younger individual age 45-49, and he has a limited education and is able to communicate in English. The ALJ determined that the transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. (Tr. 27.) Based on the foregoing, the ALJ found that there are jobs that exist in significant numbers in the national economy that Ferguson can perform, including addresser (Dictionary of Occupational Titles (DOT) No. 209.587-010, sedentary exertion level, unskilled work, approximately 3,000 jobs in the national economy), document preparer (DOT No. 249.587-018, sedentary exertion level, unskilled work, approximately 10,000 jobs in the national economy), and polisher (eyeglasses) (DOT No. 713.684-038, sedentary exertion level, unskilled work, approximately 4,000 jobs in the national economy). (Tr. 27.) Therefore, the ALJ concluded that Ferguson was not disabled, as defined in the Act, from December 1, 2017 through April 7, 2020. (Tr. 28.)

**IV.    Standard for Judicial Review**

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-

evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

**V.    Discussion**

Ferguson challenges the ALJ's decision, asserting that the record supports greater functional limitations than are reflected in the RFC determination and that the ALJ failed to properly evaluate the evidence because he chose to ignore evidence that supported Ferguson's inability to work. Defendant responds that the ALJ properly evaluated the evidence in a manner

5

consistent with the SSA's regulations and policies, included all supported limitations in the RFC, and substantial evidence supports the ALJ's determination.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs. Based on a careful review of the record, and for the reasons stated in the ALJ's well-reasoned opinion and in Defendant's brief, the Court finds Ferguson's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI.     Conclusion

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record. Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. (Docs. 1, 22.)

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED.**

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of September, 2022.